IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 18, 2004

## STATE OF TENNESSEE v. BILLY WAYNE QUILLEN

**Direct Appeal from the Criminal Court for Greene County**
**No. 03CR043     James E. Beckner, Judge**

_____

**No. E2004-00417-CCA-R3-CD - Filed September 27, 2004**

_____

The defendant, Billy Wayne Quillen, pled guilty to two counts of attempt to obtain a controlled substance by fraud and was placed on judicial diversion for two years. His diversion was subsequently revoked, and the trial court reinstated his original two-year sentence to be served at 100%. On appeal, the defendant argues that the trial court erred in ordering him to serve his sentence at 100% without release eligibility, and the State agrees. Based upon our review, we modify the defendant's sentence to reflect release eligibility after service of 30% of the two-year sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed as Modified**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Greg W. Eichelman, District Public Defender, and Michael A. Walcher, Assistant Public Defender, for the appellant, Billy Wayne Quillen.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Cecil C. Mills, Jr. and Eric D. Christiansen, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The facts surrounding the defendant's crime are gleaned from his motion to waive grand jury investigation and to proceed by information:

Count 1

That, on December 30, 2002, in Greene County, Tennessee, the defendant committed the offense of attempting to obtain a controlled substance by fraud, by knowingly attempting to obtain possession of a controlled substance, to wit: Lortab, a Schedule III controlled substance, by misrepresentation, to wit: by telephoning Corley's Pharmacy and representing that he was Dr. Michael Monger prescribing Lortab for Danny Gregg and then presenting himself to Corley's Pharmacy representing that he was Danny Gregg in order to pick up the prescription; a Class D felony, in violation of T.C.A. § 53-11-402(a)(3), and against the peace and dignity of the State of Tennessee.

Count 2

That, on January 3, 2003, in Greene County, Tennessee, the defendant committed the offense of attempting to obtain a controlled substance by fraud, by knowingly attempting to obtain possession of a controlled substance, to wit: Lortab, a Schedule III controlled substance, by misrepresentation, to wit: by telephoning Central Drug, and representing that he was Dr. Michael Monger prescribing Lortab for Chris Adams and then presenting himself to Central Drug representing that he was Chris Adams in order to pick up the prescription; a Class D felony, in violation of T.C.A. § 53-11-402(a)(3), and against the peace and dignity of the State of Tennessee.

On April 8, 2003, the defendant entered guilty pleas to two counts of attempt to obtain a controlled substance by fraud and was granted judicial diversion. He was placed on probation for two years and ordered to perform 225 hours of community service work and to attend a drug rehabilitation program. Subsequently, on November 13, 2003, a probation violation affidavit was filed based upon the defendant's arrest for theft over $500 and his positive drug screen for marijuana. Following a hearing on January 23, 2004, the trial court revoked the defendant's probation and reinstated his two-year sentence to be served at 100% less earned credits.

## ANALYSIS

The defendant's sole issue on appeal is whether the trial court erred in ordering him to serve his original two-year sentence at 100%. The State concedes that the defendant, as a Range I, standard offender, must be released after service of 30% of his sentence.

Tennessee Code Annotated section 40-35-313 provides that, following a determination of guilt by plea or by trial, a trial court may, in its discretion, defer further proceedings and place a

qualified defendant on probation without entering a judgment of guilt. Tenn. Code Ann. § 40-35-313(a)(1)(A) (2003). Tennessee Code Annotated section 40-35-313(a)(2) provides, in pertinent part, "Upon violation of a condition of the probation, the court may enter an adjudication of guilt and proceed as otherwise provided."

At the conclusion of the defendant's probation violation hearing, the trial court ruled:

> I have no choice in the matter, being consistent with what I do in every case, and given the presentence report in this case, but to revoke probation and reinstate the sentence to be served a hundred percent subject to all credits to be earned. You can get 20 percent credit just for not causing any problem and you can also get other credits but you're in custody to serve your sentence.

As to release eligibility, Tennessee Code Annotated section 40-35-501(a)(3) provides that "inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date." Regarding Range I, standard offenders, Tennessee Code Annotated section 40-35-501(c) provides that release eligibility "shall occur after service of thirty percent (30%) of the actual sentence imposed less sentence credits earned and retained by the defendant." Accordingly, as a Range I, standard offender, we concur with the defendant and the State that the defendant can only be required to serve 30% of his sentence, not 100% as ordered by the trial court.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the trial court's order revoking the defendant's diversion but modify his sentence to reflect release eligibility after service of 30% of the two-year sentence.

_____
ALAN E. GLENN, JUDGE